UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ESTHER E. BAINES,**

   Plaintiff,

Case No.: 6:24 cv 799-JSS-DCI

# COMPLAINT

vs.

**FRONTLINE ASSET STRATEGIES, LLC**

   Defendant,

Jury Trial: ☒ Yes ☐ No

## INTRODUCTION

This is a civil action for actual, punitive, statutory damages and costs brought by Esther E Baines, hereinafter, ("Plaintiff") an individual consumer, against defendant **FRONTLINE ASSET STRATEGIES, LLC,** hereinafter ("Defendant") for violations of the Fair Credit Reporting Act, 15 U.S.C § 1681 et seq. (hereinafter "FCRA").

## BASIS OF JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C § 1681(p) and 28 U. S. C § 1331. Venue is proper in this judicial district pursuant to 28 U.S. C. § 1391(b)(2) because a substantial part of the events, omissions, or conduct giving rise to Plaintiff claim occurred in this judicial district. Defendants transact business in Orlando, Florida.

2. The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

COMPLAINT FOR A CIVIL CASE - 1

## PARTIES

3. Plaintiff, Esther E. Baines is a natural person and consumer as defined by 15 U.S.C. § 1681a(c), residing in Winter Springs, Florida.

4. According to information and belief, Defendant, **FRONTLINE ASSET STRATEGIES, LLC** is a Minnesota corporation. Service of process for defendant is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

5. Defendants are "debt collectors" as that term is defined by 15 U.S.C. § 1692a (6).

6. The acts of Defendants as described in this Complaint were performed by Defendant by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "Defendant" in this Complaint shall mean Defendants or their owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

7. On or about April 20, 2024. Plaintiff reviewed her Transunion (Report Number 430749046 consumer report.

8. In the report the Plaintiff observed an unauthorized inquiry from the Defendants.

9. Defendant **FRONTLINE ASSET STRATEGIES, LLC,** unauthorized inquiry was made on 11/17/2023, See Exhibit A

10. Plaintiff never initiated a consumer transaction with Defendant nor had an account with the defendant.

11. Plaintiff never gave any consent to Defendant to access her consumer report.

12. Plaintiff has the interest and right to be free from deceptive, misleading collections efforts.

COMPLAINT FOR A CIVIL CASE - 1

## **PLAINTIFF DAMAGES**

13. Plaintiffs have the interest and right to privacy from individuals including defendants of unauthorized access of personal identifiable information on her consumer report.

14. Plaintiff's injury is "particularized" and "actual" in that the conduct that deprived Plaintiff of her rights was directed by Defendants to Plaintiff specifically.

15. Plaintiff's injury is "particularized" and "actual" in that the Plaintiff has suffered emotional distress from the Defendants unauthorized access of her credit report.

16. Plaintiff's injury is "particularized" and "actual" in that the Plaintiff has experienced a violation of her privacy. The unauthorized intrusion into the Plaintiff's personal information has elicited feelings of vulnerability, concern, anxiety, and depression.

17. Plaintiff's injury is "particularized" and "actual" in that the Plaintiff feels deeply distressed and frustrated because her privacy was violated.

18. Plaintiff's injury is "particularized" and "actual" in that the Plaintiff has spent countless hours diving into research and gathering knowledge to protect themselves against the defendant's intrusion on their privacy. This has taken a considerable toll on their time and energy.

19. Without what the defendant did, I wouldn't be going through this. Their actions stripped me of my rights and plunged me into a whirlwind of emotional distress, anxiety, and invasion of privacy. It's all connected – their behavior directly caused the harm I'm experiencing.

COMPLAINT FOR A CIVIL CASE - 1

20. The Defendant actions, as outlined in this complaint, were intentional, with the clear aim of either harming the Plaintiff or showing a complete disregard for the potential harm their actions could cause to the Plaintiff.

21. Plaintiff justifiably fears that, absent this court's intervention, Defendant will continue to use abusive, deceptive, unfair, and unlawful means to attempts to collect alleged debts and invade consumers privacy by continuing to access consumers information without permissible purpose.

22. The deprivation of Plaintiff's rights will be redressed by favorable decision herein.

23. A favorable decision herein would redress Plaintiff's injury with money damages.

24. A favorable decision herein would serve to deter Defendant from further similar conduct.

25. Ther action is timely filed and falls within the statute of limitations in accordance with the 15 U.S.C. § 1681p (1) 2 years after the date of discovery by the Plaintiff of the violation. (2) 5 years after the date on which the violation that is the basis for such liability occurs.

## COUNT 1 VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C § 1681b(f) DEFENDANT FRONTLINE ASSET STRATEGIES, LLC,

26. All preceding paragraphs are re-alleged.

27. Defendant actions violated 15 U.S.C. § 1681b(f). Permissible Purpose.

28. The Defendant violations include but are not limited to the following:

COMPLAINT FOR A CIVIL CASE - 1

a) Defendant violated 15 U.S.C. § 1681b(f) by failing to have permissible purpose to obtain Plaintiffs consumer report pursuant to 15 U.S.C. § 1681b.

b) Defendant did not have a court order to obtain Plaintiffs consumer report.

c) Plaintiff never gave written permission for the Defendant to obtain her consumer report.

d) Plaintiff does not have an account, which is defined under and has the same meaning under the Electronic Funds Transfer Act 15 U.S.C. § 1693a (2), with Defendant.

e) Pursuant to the Electronic Funds Act 15 U.S.C. § 1693a the term "account" means a demand deposit, savings deposit, or other asset account (other than an occasional or incidental credit balance in an open end credit plan as defined in section 1602(i) [1] of the title), as described in the regulations of the Bureau, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement;

f) Defendant does not have an account with the Plaintiff according to the definition above.

29. As a result of this conduct, Plaintiff suffered damage of invasion of privacy which in turn caused anxiety, emotional distress, a lot of time wasted, and loss of sleep.

30. As a result of the Defendant violation of the Fair Credit Reporting Act, the Defendant is liable under 15 U.S.C. § 1681n(a)(1)(B) for damages per violation and 15 U.S.C. § 1681n(a)(2)

## JURY DEMAND AND PRAYER FOR RELIEF

Wherefore, Plaintiff Esther E. Baines, respectfully demands a jury trial and request that judgment be entered in favor of the Plaintiff against the Defendant for:

COMPLAINT FOR A CIVIL CASE - 1

a) Violating the Fair Credit Reporting Act and the Fair Debt Collection Practices Act.
b) Damages pursuant to 15 U.S.C. § 1681n(a)(1)(B) per violation.
c) Punitive damages as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2) and for such other and further relief as the court may deem just and proper.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint; (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost if litigation; (2) is supported by existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, and (4) the complaint otherwise complies with the requirements of Rule 11. I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep the current address on file with the Clerk's Office may result in the dismissal of my case.

Plaintiff prefers communication via email: bainesfamily2012@gmail.com

DATED this 25 day of April 2024.    _____

Name: Esther E. Baines
Address: 303 Cello Cir
~~909 Gazell Trl~~ Winter Springs FL 32708
Email: bainesfamily2012@gmail.com
Phone: (954) 256-3367

COMPLAINT FOR A CIVIL CASE - 1