# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ESTHER E. BAINES,

      Plaintiff,

v.                                   Case No:   6:24-cv-799-JSS-LHP

FRONTLINE ASSET STRATEGIES, LLC,

      Defendant

---

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** MOTION OF DEFAULT (Doc. No. 15)
>
> **FILED:** August 19, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

On April 29, 2024, Plaintiff Esther E. Baines, proceeding *pro se*, filed a complaint against Defendant Frontline Asset Strategies, LLC alleging claims under the Fair Credit Report Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* Doc. No. 1. On June 5, 2024, a return of service was filed stating that the United States Marshals Service

("USMS") effected service on Defendant on May 29, 2024 by serving "Chelsea Wang, Cust. Service Rep." at "Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301."  Doc. No. 12.

Now before the Court is Plaintiff's "Motion of Default," which the Court construes as a motion for Clerk's default under Federal Rule of Civil Procedure 55(a).  Doc. No. 15.[1]  Upon review, the motion is due to be denied without prejudice.  To begin, the motion fails to comply with Local Rule 3.01(a), which requires a memorandum of legal authority in support.[2]  In addition, although service was effected on Defendant via "Corporation Service Company 1201 Hays Street Tallahassee FL 32301" on May 29, 2024, publicly available records show that Defendant filed a "Certificate of Withdrawal of Authority to Transact Business in Florida" on May 21, 2024.[3]  This Certificate of Withdrawal became effective on the

---

[1] Plaintiff did not timely move for Clerk's default, and the Court issued an Order to Show Cause regarding same.  Doc. No. 13.  But after the filing of Plaintiff's response to the Order to Show Cause and the Motion of Default, the Court discharged the Order to Show Cause.  Doc. No. 16.  Accordingly, the undersigned proceeds with addressing Plaintiff's motion (Doc. No. 15).

[2] Plaintiff is advised that her *pro se* status does not excuse her from litigating this case in accordance with all applicable laws, Federal Rules of Civil Procedure, Local Rules, and Court Orders.  *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989) (a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

[3] Records for Defendant with Florida's Department of State, Division of Corporations, are available at https://search.sunbiz.org/Inquiry/CorporationSearch/ByName by entering "Frontline

date it was filed and accepted by the Florida Secretary of State (May 21, 2024),[4] and the Certificate of Withdrawal operates to transform Defendant into a non-registered foreign business entity, such that service on Defendant's registered agent does not appear to qualify as proper service of process.  *See* Fla. Stat. § 605.0910(2) ("After the withdrawal of the foreign limited liability company is effective, service of process on the Secretary of State using the procedures set forth in s. 48.161 is service on the foreign limited liability company."); *see also id.* §§ 48.161, 48.181(2).

Because service was not effected on the Florida Secretary of State, service does not have appear to have been properly made.   Accordingly, Plaintiff's motion for Clerk's default (Doc. No. 15) is **DENIED without prejudice**.   Within **sixty (60) days** from the date of this Order, Plaintiff shall cause proper service to be effected on Defendant in accordance with relevant state and federal law.   Failure to file a return of service with the Court by this deadline (or failure to seek any other relief including additional time for service) will result in a recommendation that this case be dismissed for failure to prosecute.   *See* Fed. R. Civ. P. 4(m); Local Rule 3.10.

---

Asset Strategies, LLC" in the "Entity Name" field.

[4] *See* Fla. Stat. § 605.0207 ("[A] record filed by the department is effective: (1) If the record filed does not specify an effective time and does not specify a prior or a delayed effective date, on the date and at the time the record is accepted as evidenced by the department's endorsement of the date and time on the filing.").

The Clerk is **DIRECTED** to mail new summons and Marshal 285 forms to Plaintiff along with a copy of this Order.  The procedures set forth in the Court's May 16, 2024 Order shall otherwise govern service in this case.  *See* Doc. No. 7.

**DONE** and **ORDERED** in Orlando, Florida on August 30, 2024.

_Leslie Hoffman Price_
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties