# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ESTHER E. BAINES,

      Plaintiff,

v.                                                                Case No:   6:24-cv-799-JSS-LHP

FRONTLINE ASSET STRATEGIES, LLC,

      Defendant

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This matter comes before the Court following a review of the file. Federal Rule of Civil Procedure 4(m) provides, "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

Plaintiff Esther E. Baines, appearing *pro se*, instituted this action against Defendant Frontline Asset Strategies, LLC on April 29, 2024. Doc. No. 1. Thus, the deadline for Plaintiff to effect service on Defendant expired on July 29, 2024. Fed. R. Civ. P. 4(m). *See also* Fed. R. Civ. P. 6(a)(1)(C). On May 16, 2024, the Court

granted Plaintiff's request to proceed *in forma pauperis*. Doc. No. 7. On June 5, 2024, a return of service was filed stating that the United States Marshals Service ("USMS") effected service on Defendant on May 29, 2024 by serving "Chelsea Wang, Cust. Service Rep." at "Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301." Doc. No. 12.

Defendant did not appear in this matter, and on August 19, 2024, Plaintiff filed a "Motion of Default," which was construed as a request for Clerk's default. Doc. No. 15.[1] Upon review, on August 30, 2024, the undersigned denied that motion without prejudice because Plaintiff had not demonstrated that service of process on Defendant was proper, given that Defendant appears to be a non-registered foreign business entity, for which service must be effected on the Secretary of State. Doc. No. 17; *see* Fla. Stat. §§ 48.161, 48.181(2), 605.0910(2). The undersigned extended the deadline for Plaintiff to effect service of process by sixty (60) days, *i.e.*, up to and including October 29, 2024. Doc. No. 17, at 3. The undersigned cautioned Plaintiff that "[f]ailure to file a return of service with the Court by this deadline (or failure to seek any other relief including additional time for service) will result in a recommendation that this case be dismissed for failure

---

[1] Plaintiff did not timely move for Clerk's default, and filed the "Motion of Default" in response to an Order to Show Cause. Doc. No. 13; *see also* Doc. Nos. 14–15. The Court subsequently discharged the Order to Show Cause. Doc. No. 16.

to prosecute." *Id.* The October 29, 2024 deadline has now passed, and Plaintiff has failed to file proof of service and has otherwise not made any other filings in this case.

Accordingly, upon consideration, the undersigned respectfully **RECOMMENDS** that the Court **DISMISS** this action without prejudice for failure to serve Defendant in accordance with Rule 4(m) and the undersigned's August 30, 2024 Order (Doc. No. 17), and thereafter **DIRECT** the Clerk of Court to close the file.  *See* Fed. R. Civ. P. 4(m); Local Rule 3.10.

### NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.  Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  11th Cir. R. 3-1.

Recommended in Orlando, Florida on November 1, 2024.

*Leslie Hoffman Price*
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

- 4 -

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy